United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 13-19450-amc
Willie Mae Ross                                                                 Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2            User: admin                  Page 1 of 2              Date Rcvd: May 24, 2019
                                Form ID: 3180W               Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 26, 2019.
db           +Willie Mae Ross,    253 W. Birch Street,    Philadelphia, PA 19133-3605
13180954     +Credit Acceptance,    25505 West Twelve Mile Rd,    Suite 3000,    Southfield, MI 48034-8331
14268508     +JPMorgan Chase Bank, N.A.,    700 Kansas Ln Mail Code LA4-5555,    Monroe, LA 71203-4774

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: megan.harper@phila.gov May 25 2019 02:08:29     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA   19102-1595
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 25 2019 02:08:13
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA   17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 25 2019 02:08:28    U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13194383      EDI: PHINAMERI.COM May 25 2019 06:08:00     Americredit Financial Services, Inc.,
               PO Box 183853,    Arlington TX 76096
13303165      EDI: RESURGENT.COM May 25 2019 06:08:00     Ashley Funding Services, LLC its successors and,
               assigns as assignee of Syndicated,    Office Systems, Inc.,    Resurgent Capital Services,
               PO Box 10587,    Greenville, SC 29603-0587
13265043      E-mail/Text: megan.harper@phila.gov May 25 2019 02:08:29     City of Philadelphia,
               Law Department - Tax Unit,    Bankruptcy Group, MSB,    1401 John F. Kennedy Blvd., 5th Floor,
               Philadelphia, PA   19102-1595
13277537     +EDI: IRS.COM May 25 2019 06:08:00     Department of Treasury,    Internal Revenue Service,
               P.O. Box 7346,    Philadelphia, PA 19101-7346
13233559      EDI: JEFFERSONCAP.COM May 25 2019 06:08:00     Jefferson Capital Systems LLC,    Po Box 7999,
               Saint Cloud Mn 56302-9617
13303164      EDI: RESURGENT.COM May 25 2019 06:08:00     LVNV Funding, LLC its successors and assigns as,
               assignee of Arrow Financial Services,,    LLC,    Resurgent Capital Services,    PO Box 10587,
               Greenville, SC 29603-0587
13217714      EDI: Q3G.COM May 25 2019 06:08:00     Quantum3 Group LLC as agent for,    PRC Acquisitions V LLC,
               PO Box 788,    Kirkland, WA  98083-0788
13217715      EDI: Q3G.COM May 25 2019 06:08:00     Quantum3 Group LLC as agent for,
               Galaxy Asset Purchasing LLC,    PO Box 788,    Kirkland, WA  98083-0788
13193565      E-mail/Text: bkdepartment@rtresolutions.com May 25 2019 02:08:26
               Real Time Resolutions, Inc.,    1349 Empire Central Drive, Suite #150,    PO Box 36655,
               Dallas, Texas 75247-4029
13217885      EDI: NEXTEL.COM May 25 2019 06:08:00     Sprint Correspondence,    Attn Bankruptcy Dept,
               PO Box 7949,    Overland Park KS 66207-0949
                                                                                               TOTAL: 13

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 26, 2019                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 23, 2019 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    The Bank of New York Mellon, FKA The Bank of New York,
               as successor Trustee to JP Morgan Chase Bank, N.A. as Trustee, FKA   Bank One, National
               Association, as Trustee for certificateholders of Bear Ste agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              DAVID M. OFFEN    on behalf of Debtor Willie Mae Ross dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com

```
District/off: 0313-2           User: admin              Page 2 of 2              Date Rcvd: May 24, 2019
                               Form ID: 3180W           Total Noticed: 16
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          THOMAS I. PULEO    on behalf of Creditor    The Bank of New York Mellon, FKA The Bank of New York, as successor Trustee to JP Morgan Chase Bank, N.A. as Trustee, FKA  Bank One, National Association, as Trustee for certificateholders of Bear Ste tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
          WILLIAM EDWARD CRAIG    on behalf of Creditor    AmeriCredit Financial Services, Inc. dba GM Financial ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
          WILLIAM EDWARD CRAIG    on behalf of Creditor    AmeriCredit Financial Services, Inc. d/b/a GM Financial ecfmail@mortoncraig.com,   mhazlett@mortoncraig.com;mortoncraigecf@gmail.com

                                                                                                                                      TOTAL: 7

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Willie Mae Ross**<br>First Name   Middle Name   Last Name | Social Security number or ITIN **xxx–xx–0199**<br>EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing)   First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _<br>EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | |
| Case number: **13–19450–amc** | |

# Order of Discharge                                                                                             12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Willie Mae Ross

5/23/19                                                       **By the court:**       <u>Ashely M. Chan</u>
                                                                                      United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**